# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 348 - -3 | **DATE** | 2/6/2003 |
| **CASE TITLE** | | USA vs. Betty Loren-Maltese | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION concerning the government's motion to forfeit substitute assets of the defendant Loren-Maltese.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | **Document Number** |
| X | Notices faxed by judge's staff. | | FEB 10 2003 | | |
| | Notified counsel by telephone. | | date docketed | | 515 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | | | date mailed notice | | |
| AMM | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 CR 348-3 |
| | ) | |
| v. | ) | Hon. John F. Grady |
| | ) | |
| BETTY LOREN-MALTESE | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED

FEB 1 0 2003

## MEMORANDUM OPINION CONCERNING
## THE GOVERNMENT'S MOTION TO FORFEIT SUBSTITUTE
## ASSETS OF THE DEFENDANT LOREN-MALTESE

The government has filed two motions seeking the forfeiture of specific items of real and personal property as "substitute assets" of the defendant Betty Loren-Maltese, pursuant to 18 U.S.C. § 1963(m). The jury found that the defendant had acquired the sum of $3,250,000.00 in cash as a result of her racketeering activity and forfeited the defendant's interest in that amount of cash. The government has been unable to locate anything like that amount of cash in the possession of or under the control of Loren-Maltese, despite what the court finds to have been diligent efforts, as described in the affidavit of agent William A. Paulin, attached to the government's response filed February 5, 2003. The defendant Loren-Maltese has made no disclosure of her assets, and specifically refused to do so in connection with the pre-sentence investigation in this case. As matters now stand, the court is



satisfied that, unless the government is entitled to forfeiture of the "substitute assets" listed in its two motions, there is no likelihood of any successful collection of any portion of the $3,250,000.00 cash forfeiture.

We turn, then, to the statute the government relies on to authorize forfeiture of the substitute assets. Section 1963(m) provides that if, "as a result of any act or omission of the defendant," any of the property forfeited in the case

> (1)   cannot be located upon the exercise of due diligence;
>
> (2)   has been transferred or sold to, or deposited with, a third party;
>
> (3)   has been placed beyond the jurisdiction of the court;
>
> (4)   has been substantially diminished in value; or
>
> (5)   has been commingled with other property which cannot be divided without difficulty;

the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5)."

There are two aspects of the statute that the parties focus on. First, whether it can be said that any difficulty the government is having in locating the forfeited cash is "a result of any act or omission of the defendant." In her memorandum opposing the government's motions, the defendant argues that the government has not shown that its failure to discover the cash is "a result of any act or omission of the defendant." The government responds that the defendant has kept the $3,250,000.00 "out of financial

accounts, thereby shielding it from governmental scrutiny."
Response at 2. The defendant seems to think that there must be
proof of some affirmative act of concealment, as opposed to a mere
omission to disclose. We do not read the statute to require proof
of affirmative acts of concealment. It says "omission," and we
believe that can reasonably be read to mean an omission to make
known to the government the location of any cash defendant derived
from her racketeering.

The other inquiry under the statute is whether any of the five
conditions for substitute forfeiture have occurred as a result of
the defendant's omission. Surely item (1) has occurred: the cash
cannot be located upon the exercise of due diligence. Moreover,
each of the other five conditions for forfeiture may have occurred
as a result of one or more "acts" of the defendant: we know that
the defendant has transferred money to third parties – to casinos,
to attorneys and to her mother, having discussed these expenditures
with the parties as recently as last week. It appears likely also
that the $3,250,000.00 has been "substantially diminished in
value"(item 4) as a result of defendant's expenditures.

The court believes that the government has made out a case for
the substitute forfeitures requested. The government correctly
points out that there is no apparent danger of seizing amounts in
excess of the total amount owed, inasmuch as the total value of the
substitute assets is far less than the $3,250,000.00. And, of
course, the defendant will be given an appropriate credit for

amounts recovered from any jointly and severally liable co-defendants. Finally, the interest of third parties will be protected by the procedures available to any of them who desire to assert claims to any of the substitute assets.

The court will enter this date the proposed orders submitted by the government.


Date:       February 6, 2003


ENTER:      _____
            John F. Grady, United States District Judge