# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 01 CR 348 |
| BETTY LOREN-MALTESE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The court has under advisement the motion of the United States for entry of a "Fourth Order as to Certain Substitute Assets." The motion seeks forfeiture of $625,000 in fees and escrow funds paid by the defendant Betty Loren-Maltese to Attorney Alan Dershowitz (later shared with the law firm of Dershowitz, Eiger & Adelson, P.C.) (hereafter collectively "Dershowitz") as a "substitute asset" pursuant to the RICO statute, 18 U.S.C. § 1963(m). Dershowitz objects to the proposed forfeiture order on a number of grounds. As a threshold matter, Dershowitz argues that the forfeiture jurisdiction of the court over the defendant Betty Loren-Maltese in this criminal case does not extend to third parties, such as Loren-Maltese's attorneys, who hold "untainted" assets transferred to them by the defendant. Dershowitz relies primarily on the case of United States v. Saccoccia, 354 F.3d 9 (1st Cir. 2003). To the extent that Saccoccia supports Dershowitz's position, we decline to

follow it.  We believe the better view is stated in several cases which, construing substantially similar forfeiture provisions in other statutes, held that untainted property of a defendant that has been transferred to a third party is subject to forfeiture in the criminal case as a substitute asset.  See United States v. McHan, 345 F.3d 262, 270-72 (4th Cir. 2003) (holding that the "relation back" doctrine applicable to tainted assets also applies to untainted substitute assets in the hands of third parties and that the forfeiture relates back to the time of the defendant's criminal act giving rise to the forfeiture); United States v. Strube, 58 F. Supp. 2d 576, 582-83 (M.D. Pa. 1999); United States v. Scardino, 956 F. Supp. 774, 778 (N.D. Ill. 1997); United States v. Schmitz, 153 F.R.D. 136, 138-41 (E.D. Wis. 1994).

Dershowitz's other objections arise, for the most part, from a concern that the entry of a forfeiture order at this time would deny it the opportunity to assert its claims to the $625,000.  On the contrary, as the government points out, it is the entry of a forfeiture order that triggers a procedure, described in 18 U.S.C. § 1963(l)(1)-(6), that enables third parties to assert and obtain a hearing on their claims to the assets.  It appears that the government has accurately described this procedure in Section II(A)(4) of its Surreply to Defendant Loren-Maltese's Opposition to Entry of Order as to Certain Substitute Assets, at 9-12.  The proposed order submitted by the government contains a paragraph

(3), which provides that the $625,000 be turned over by Dershowitz to the United States Marshals Service pending resolution of Dershowitz's claims. The government has now withdrawn that request, and we agree that a turnover order would be inappropriate in view of the questions which must be considered before the ultimate forfeiture question can be decided. The order we are entering is identical to the one submitted by the government, except that paragraph (3) has been deleted.

DATE:     March 21, 2006

ENTER:    _____
          John F. Grady, United States District Judge